## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| K&M INTERNATIONAL, INC., | Civil Action No.: |
| Plaintiff, | |
| - against - | **DEMAND FOR JURY TRIAL** |
| RHODE ISLAND NOVELTY, INC. | |
| Defendant. | |

### <u>COMPLAINT</u>

Plaintiff, K&M International, Inc. ("K&M"), for its Complaint against Defendant, Rhode Island Novelty, Inc. ("RINCO"), alleges as follows:

### <u>NATURE OF THE ACTION AND RELIEF SOUGHT</u>

1.      K&M is a leading designer of high-quality toys marketed and sold under its popular brand WILD REPUBLIC, among others.  K&M, through its WILD REPUBLIC division, distributes its toys to retail toy stores and gift shops throughout the country and worldwide.

2.      Upon information and belief, RINCO is an importer of low-cost toys and novelty items.  Upon information and belief, RINCO has resorted to a series of unfair business practices, including most recently, the imitation and copying of entire lines of copyrighted toy products, packaging designs and distinctive trade dress owned by K&M.

3.      K&M has had issues with RINCO and its unfair business practices in the past:

•  More than 10 years ago, K&M found that RINCO had copied one of its popular plush toy products.

• In 2006, RINCO's actions were far more serious and damaging to K&M. K&M discovered that RINCO had copied K&M's entire line of plush toys and hard goods; was offering the products for sale under the brand WILD ADVENTURES that infringed on K&M's rights in its valuable and popular WILD REPUBLIC trademark; and had hired K&M's former sales manager in an effort to solicit K&M's customers. K&M commenced an action in this Court against RINCO in July of that year. Ultimately, the case settled and the parties entered into a Settlement Agreement in March 2007 (the "2007 Settlement Agreement") [1].

4.      K&M is once again forced to bring suit to stop RINCO's willful copying of K&M's toy product designs and packaging. In addition, K&M brings suit in response to RINCO's breach of the 2007 Settlement Agreement, and willful infringement of K&M's trademarks, by marketing and selling toy products using the term "WILD."

5.      RINCO's conduct -- in breach of its settlement agreement with K&M as well as infringing K&M's copyright and trademark rights -- is and has been a calculated and intentional effort to trade off of K&M's innovation, hard work and goodwill, to create confusion in the marketplace, to divert profits away from K&M, and to diminish the distinctiveness of K&M's products, trademarks, and trade dress. K&M brings this action to halt RINCO's illegal tactics and to recover monetary damages for the harm that RINCO's behavior has caused, and continues to cause, K&M. K&M seeks injunctive relief and damages as a result of RINCO's acts of: (a) violations of the Copyright Act, 17 U.S.C. § 101, *et seq.*; (b) trademark and trade dress infringement, false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and the

---

[1] The 2007 Settlement Agreement is not attached to this Complaint because it contains a confidentiality clause. It will be produced under a suitable protective order.

common law; (c) breach of contract; and (d) unjust enrichment under the common law.

## PARTIES

6.     K&M is a corporation organized and existing under the laws of the State of Ohio, having an address and principal place of business at 1955 Midway Drive, Twinsburg, Ohio, 44087.

7.     Upon information and belief, RINCO is a Rhode Island corporation with a principal place of business at 5 Industrial Road, Cumberland, Rhode Island, 02864.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338 and 15 U.S.C. § 1121.  The Court has supplemental jurisdiction over the state law and common law claims under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a).

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO THE COUNTS

### I.  K&M's Valuable Intellectual Property Rights

10.     K&M designs popular plush, polyvinyl chloride ("PVC"), and other toy products depicting a wide variety of animals, dinosaurs, and other fanciful creatures. K&M, through its Wild Republic division, distributes these products to retail toy stores and gift shops across the United States and worldwide.  K&M's toy products are distributed for retail sale in all channels of trade where toys are sold, as well as through the company's popular web site, located at www.WildRepublic.com, which serves as a major promotional vehicle for K&M's toy products.

11.     K&M has established trademark rights in a number of marks containing

the term "WILD" used in connection with toy products.

12.     K&M is the owner of the following federally-registered trademarks incorporating the term "WILD":

(a) K&M has used the trademark WILD REPUBLIC as a house mark on all of its many toy product lines since January 1, 1999.  K&M is the record owner of U.S. Trademark Reg. No. 2,376,072 for WILD REPUBLIC, for use with "toys and games, namely stuffed animals and soft-sculpture animals" in International Class 28, issued on August 8, 2000.  (This trademark registration certificate is attached hereto at Exhibit 1.)

(b) K&M is also the record owner of U.S. Trademark Reg. No. 2,666,393 for the trademark WILD REPUBLIC SPARK YOUR IMAGINATION & Design, for "toys, namely plush toys, stuffed toys, and puppets in the shape of various animals" in International Class 28, issued on December 24, 2002.  (This trademark registration certificate is attached hereto at Exhibit 2.)

13.     The above-identified marks have each acquired incontestable status pursuant to 15 U.S.C § 1065.  Furthermore, the above-identified marks are inherently distinctive and have each acquired secondary meaning in the minds of the consuming public as designating high quality goods emanating from a single source, namely K&M, as a result of K&M's longstanding and widespread use of the marks in U.S. interstate commerce, sales of products bearing the marks, and efforts to market, advertise and promote the marks to retailers and consumers.

14.     K&M also uses other trademarks containing the term "WILD" to designate the source of origin of its toy products, including, without limitation, the marks

WILD CLINGERS, WILD CALLS, WILD PRINTS and WILD WATCHERS, each used in connection with plush animal toy lines. (*See* <u>Exhibit 3</u>.)  These marks are inherently distinctive and have built up secondary meaning in the minds of the consuming public as designating high-quality goods emanating from a single source, namely K&M, as a result of K&M's longstanding use of the marks in U.S. interstate commerce, sales of products bearing the marks, and efforts to market, advertise and promote the marks to retailers and consumers.

15.     As a result of K&M's extensive promotion, marketing, advertising, and use of its trademarks containing the term WILD ("WILD Family of Trademarks") over a period of no less than fifteen years, the public and the trade have come to recognize the WILD Family of Trademarks as identifying high-quality goods emanating from a single source of origin, namely K&M, and said marks have thus acquired secondary meaning and extensive goodwill.

16.     K&M also owns rights in the distinctive designs and packaging of many of its toy product lines.  The protectable elements encompass the design and appearance of the toys' designs and packaging together with all non-functional elements, which together comprise the overall image that serves to identify the product presented to the consumer as coming from a single source of origin.  K&M's toy lines include the following:

(a) <u>Plush animal toy lines</u>: These encompass several different lines of plush toys depicting a broad spectrum of the animal kingdom, ranging from bears, tigers, and birds, to aquatic, polar, and prehistoric animals.  K&M's lines of original plush animal toys include "Cuddlekins," "Mini Cuddlekins," "Hug'Ems," and "Wild Watchers." (Representative examples of K&M's plush animal toys can

be seen in the chart attached hereto at Exhibit 4.)

   (b) Nature Tubes: A line of small PVC animal figure assortments and playmats, in themes such as "farm," "rainforest" and "butterfly," housed in cylindrical clear plastic tubes. (*See* Exhibit 5.)  K&M has marketed and sold its Nature Tubes line of products to the public since no later than 1995.

   (c) Polybag Collection: A line of small PVC animal figure collections, in themes such as sharks, reptiles, and North American animals, contained in rectangular clear plastic bags with a label on top bearing the name of the collection and a graphic of an animal featured in the contained collection. (*See* Exhibit 6.)  K&M has marketed and sold its Polybag Collection line of products to the public since no later than 1999.

   17.    Each of the above-described toys and toy lines has a unique style and distinctive characteristics.  As a result, each toy and toy line is known for and recognized by the total image presented by its product design and the style and arrangement of the packaging and display.  The public recognition of the designs of K&M's products and product packaging has been enhanced over the years by K&M's marketing, advertising and promotional efforts.  The distinguishing features of these toys and toy lines have thus come to identify them and their source, K&M, and therefore serve as protectable trade dress.

   18.    The toys and toy lines described above are K&M's original creative works, and K&M owns valuable copyright rights related thereto.  K&M is the record owner of valid and subsisting U.S. copyright registrations covering the toy product and product packaging designs. (A listing of copyright registrations owned by K&M is

attached hereto at <u>Exhibit 7</u>, and is incorporated herein by reference.[2])

## II.   **K&M's History of Dealing With RINCO's Business Tactics**

19.     K&M first became aware of RINCO in 2000, when K&M discovered that RINCO was distributing plush toy monkeys virtually identical to an original K&M plush toy monkey.

20.     In early 2006, K&M discovered that RINCO had duplicated K&M's WILD REPUBLIC line of plush and PVC toy products, and was seeking to offer the infringing products to K&M's own customers under trademarks confusingly similar to K&M's WILD Family of Trademarks.  K&M thereafter commenced an action against RINCO in this Court alleging, *inter alia*, copyright, trademark and trade dress infringement, unfair competition, and violations of state law.

21.     K&M and RINCO ultimately resolved the prior litigation by virtue of the 2007 Settlement Agreement.  Under the terms of the 2007 Settlement Agreement, RINCO agreed to rebrand itself and its line of products, and to recognize and respect K&M's rights in the WILD REPUBLIC trademark.  In particular, RINCO agreed to not use <u>either</u> of the words "WILD" or "REPUBLIC," alone or as part of a composite mark, word, symbol or design mark, in connection with the marketing, promotion, manufacture, distribution and/or sale of toy products anywhere in the world.

## III.   **RINCO's Latest Infringements, Acts of Unfair Competition, and Breach of the Parties' Settlement Agreement**

22.     K&M recently discovered that RINCO has again copied entire lines of

---

[2] K&M does not represent that the copyright registrations listed at Exhibit 7 constitute all copyright registrations on which K&M's copyright infringement claims against RINCO are premised, and expressly reserves the right to rely on additional copyright registrations in litigating its claims against RINCO.

K&M's toy designs and product packaging:

(a) A considerable number of toys in RINCO's "Animal Den," "Pounce Pals," and other plush animal toy lines are virtually identical to K&M's original Cuddlekins, Mini Cuddlekins, Wild Watchers, and Hug'Ems plush animal toys. (See, at Exhibit 4, a chart comparing K&M's original copyrighted plush toys with RINCO's infringing toys.)[3]

(b) RINCO's "Tubulars" is a line of small PVC animal assortments and playmats, in themes such as "farm," "jungle," and "butterflies," housed in cylindrical clear plastic tubes. (See Exhibit 8.)  The appearance of RINCO's Tubulars line is nearly indistinguishable from K&M's Nature Tubes line. (See Exhibit 5.)

(c) RINCO's "Replica Sets" is a line of small PVC animal collections, in themes such as "sharks," "reptiles," and "North American animals," contained in rectangular clear plastic bags with a label on top bearing the name of the collection and a graphic of the animals featured in the collection. (See Exhibit 9.) The plastic bags, labels, and animal collections, collectively, form a product and packaging design and overall commercial impression highly similar to K&M's Polybag Collection line. (See Exhibit 6.)

23.     Moreover, many of the PVC animal toy collections contained in RINCO's "Tubulars" and "Replica Sets" lines correspond precisely to the distinct animal toy

---

[3] K&M does not represent that RINCO's products shown in the exhibits attached hereto constitute every RINCO product that infringes upon K&M's copyrights, or that K&M's products shown in such exhibits constitute every copyrighted work of K&M infringed upon by RINCO.  K&M expressly reserves the right to assert claims of infringement against other RINCO products found during the course of discovery, and to assert claims of infringement against RINCO products based on additional copyrighted works of K&M.

collections contained in K&M's "Nature Tubes" and "Polybags," lines, with similar packaging artwork exacerbating the lines' confusing similarity.  To wit, K&M's "Nature Tubes" each contain a distinct set of PVC animals, such as butterflies, aquatic animals, and dinosaurs, with a colorful image of the featured animal on the front label of the clear plastic tube packaging; RINCO's "Tubulars" are designed the same way, with sets of PVC animals identical and/or highly similar to those contained in K&M's "Nature Tubes," including butterflies, aquatic animals, and dinosaurs, and also with a colorful image of an animal featured in the set on the front of the clear plastic tube packaging. Likewise, K&M's "Polybags" include collections of PVC toy sharks, reptiles, and North American animals (among other collections) in clear rectangular plastic bags with labels featuring colorful images of animals contained therein, and RINCO's "Replica Sets" include collections of PVC toy sharks, reptiles, and North American animals (among others) contained in clear rectangular plastic bags with labels featuring color images of such animals highly similar to K&M's "Polybags" labels.

24.     Furthermore, K&M has discovered that RINCO is using the term "WILD" in connection with selling its toy products, in breach of the parties' 2007 Settlement Agreement and in willful infringement of K&M's rights in its WILD Family of Trademarks.  Specifically, RINCO is selling products prominently featuring the term "WILD" including, but not limited to, the following toy sets:

| "Wild Animal Box Play Set" | "Wild Animal Cruising Play Set" | "Wild Animal Tour Play Set" | "20 pcs. Wild Animals Play Set" |
|---|---|---|---|



(Images of toy products offered by RINCO to the public through its product catalog and/or web site in connection with the term "WILD" are attached hereto at Exhibit 10.[4])

25.     The parties are direct competitors.  RINCO actively solicits business from K&M's existing and potential customers in an effort to sell the same toys as K&M, with the same look and feel and using the same and nearly identical trade dress and brand names, at a much lower price.

26.     RINCO's practice of copying K&M's toy products, brands, and product packaging, and then offering those products at artificially low prices (made possible by the lack of their own product design development expenses) in an effort to divert profits from K&M and confuse consumers and the trade, is unfair competition.

27.     RINCO's serial imitation of K&M's products, brands, and product

---

[4] [4] K&M does not represent that Exhibit 10 shows every RINCO product using the term "WILD" in breach of the 2007 Settlement Agreement, and expressly reserves the right to present additional RINCO products using the term "WILD" found during the course of discovery.

packaging, and the continued sale of RINCO's infringing products, is likely to cause confusion, mistake and/or deception as to the source of origin in that the public, the trade and others are likely to believe that RINCO's products are K&M's products, that RINCO's products are licensed by, affiliated with or in some other way legitimately connected to K&M, and/or that the parties' products are provided by, sponsored by, approved by and/or licensed by the same source.

28.     RINCO's continued sales of unauthorized, infringing products is depriving K&M of the ability to control the use of its intellectual property.  Upon information and belief, RINCO's products are inferior in quality to K&M's.  As such, K&M's WILD REPUBLIC brand will likely be tarnished by the public's association of its products with RINCO's lower-quality products.

## COUNT I
## COPYRIGHT INFRINGEMENT

29.     K&M repeats and re-alleges each and every allegation of paragraphs 1 through 28 as though fully set forth herein.

30.     At all times herein, K&M has been and is still the owner and proprietor of all right, title and interest in and to the works depicted in U.S. copyright registrations to be introduced as evidence in this action, including, without limitation, the registrations listed at Exhibit 8.  These works are original works of K&M's authorship and constitute copyrightable subject matter under the copyright laws of the United States.

31.     By its actions alleged above and with full knowledge of K&M's rights herein, RINCO has willfully infringed and continues to infringe K&M's copyrights by copying K&M's original plush animal toy designs and K&M's Nature Tubes and Polybag Collection lines of original toy product and/or packaging designs, manufacturing

nearly identical products and/or packaging, and offering the infringing products for sale in the United States, without K&M's permission.

32.     RINCO's acts as aforesaid violate K&M's exclusive rights under the Copyright Act and constitute willful infringement of its copyrights.  As a result, K&M is entitled to an injunction restraining RINCO and its agents, employees and affiliated entities from engaging in any further acts in violation of the Copyright Act, and damages in an amount to be established according to proof at trial.

## COUNT II
## TRADEMARK INFRINGEMENT
## (LANHAM ACT SECTION 32)

33.     K&M repeats and re-alleges each and every allegation of paragraphs 1 through 32 as though fully set forth herein.

34.     RINCO's aforementioned acts constitute willful infringement of K&M's federally registered trademark WILD REPUBLIC, U.S. Trademark Reg. No. 2,376,072, in violation of the Lanham Act, 15. U.S.C. § 1114, *et seq.*, and the common law.

35.     As a direct and proximate result of the foregoing acts of RINCO, K&M has been damaged and has suffered and will continue to suffer immediate and irreparable harm.  Unless restrained by the Court, RINCO will continue to cause irreparable injury and damage to K&M and to the goodwill associated with K&M's WILD REPUBLIC mark.  K&M is without an adequate remedy at law.

## COUNT III
## TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN
## (LANHAM ACT SECTION 43[a])

36.     K&M repeats and re-alleges each and every allegation of paragraphs 1 through 35 as though fully set forth herein.

37.     RINCO's use of the designation "WILD" as a trademark, service mark and trade name constitutes willful infringement of K&M's trademark rights in and to the "WILD" Family of Trademarks in violation of the Lanham Act, 15 U.S.C § 1125(a), *et seq.*, and the common law.

38.     As a direct and proximate result of the foregoing acts of RINCO, K&M has been damaged and has suffered and will continue to suffer immediate and irreparable harm.  Unless restrained by the Court, RINCO will continue to cause irreparable injury and damage to K&M and the goodwill associated with K&M's "WILD" Family of Trademarks.  K&M is without an adequate remedy at law.

## COUNT IV
## TRADE DRESS INFRINGEMENT & FALSE DESIGNATION OF ORIGIN

39.     K&M repeats and re-alleges each and every allegation of paragraphs 1 through 38 as though fully set forth herein.

40.     Through its unauthorized use of trade dress confusingly similar to trade dress owned and used in U.S. interstate commerce by K&M, RINCO is knowingly and intentionally misrepresenting, falsely designating and passing off to the general public the nature, origin, and source of its products so as to create a likelihood of confusion by the public as to the nature, source and sponsorship of the goods.  Furthermore, through its use of trade dress confusingly similar to trade dress owned and used in U.S. interstate commerce by K&M, RINCO is knowingly and intentionally creating a likelihood of confusion among the public as to the nature, source and sponsorship of K&M's goods as being somehow related to RINCO, damaging the goodwill and reputation for high-quality goods the public has come to associate with K&M's trade dress.

41.     RINCO's aforementioned acts constitute willful trade dress infringement,

false designation of origin, passing off and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), *et seq.*, and the common law.

42.     As a direct and proximate result of the foregoing acts of RINCO, K&M has been damaged and has suffered and will continue to suffer immediate and irreparable harm.  Unless restrained by the Court, RINCO will continue to cause irreparable injury and damage to K&M and to the goodwill associated with K&M's trade dress.  K&M is without an adequate remedy at law.

### COUNT V
### COMMON LAW UNFAIR COMPETITION

43.     K&M repeats and re-alleges each and every allegation of paragraphs 1 through 42 as though fully set forth herein.

44.     RINCO'S aforementioned acts constitute unfair competition in violation of the common law.

45.     K&M has been damaged by RINCO's aforementioned acts.

46.     RINCO's foregoing actions and conduct have been intentional, malicious, and willful.

47.     K&M has been harmed as an actual, direct, and proximate result of RINCO's unfair competition, and is therefore entitled to monetary damages in an amount to be proven at trial.

48.     Upon information and belief, RINCO will continue its acts of unfair competition, and K&M will be irreparably harmed thereby, unless its acts are enjoined by this Court.

49.     K&M is also entitled to punitive damages and costs as a result of RINCO's intentional misconduct.

## COUNT VI
## BREACH OF CONTRACT

50.     K&M repeats and re-alleges each and every allegation of paragraphs 1 through 49 as though fully set forth herein.

51.     The 2007 Settlement Agreement between K&M and RINCO is a valid, binding and enforceable contract between K&M and RINCO.

52.     The 2007 Settlement Agreement prohibits RINCO from using the term "WILD" as a trademark or brand name in connection with the marketing, promotion, manufacture, distribution and/or sale of toy products anywhere in the world.

53.     Upon information and belief, RINCO has breached the 2007 Settlement agreement by using the term "WILD" as a trademark and/or brand name in connection with the marketing, promotion, manufacture, distribution and/or sale of toy products.

54.     RINCO's actions constitute a material breach of the 2007 Settlement Agreement.

55.     K&M has fully performed its duties and obligations under the 2007 Settlement Agreement.

56.     K&M will be irreparably and immediately harmed by RINCO if it continues to breach the terms of the 2007 Settlement Agreement.

57.     As a result of RINCO's material breach of the 2007 Settlement Agreement, K&M has also suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

## COUNT VII
## UNJUST ENRICHMENT

58.     K&M repeats and re-alleges each and every allegation of paragraphs 1

through 57 as though fully set forth herein.

59.     Upon information and belief, RINCO has been unjustly enriched at the expense of K&M by virtue of RINCO's breach of the 2007 Settlement Agreement and its duties owed to K&M thereunder.

60.     Upon information and belief, RINCO has benefited from its use of the term "WILD" as a trademark, brand name and/or product name, in breach of the restrictive covenant contained in the 2007 Settlement Agreement and its duties owed to K&M as well as in violation of K&M's rights in its WILD Family of Trademarks.

61.     Upon information and belief, RINCO has benefited from its unauthorized use of toy product and packaging designs substantially similar to K&M's copyrighted designs.

62.     Upon information and belief, RINCO has benefited from its unauthorized use of trade dress confusingly similar to K&M's distinctive trade dress.

63.     Upon information and belief, RINCO has knowledge of the benefits it has received.

64.     It would be inequitable for RINCO to retain the benefits that it has received at the expense of K&M, and K&M asks the Court to order an equitable remedy or order damages to remedy RINCO's unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, K&M prays that the Court enter judgment and relief against RINCO as follows:

A.     A determination that RINCO and those acting in privity have directly infringed, contributorily infringed and/or actively induced infringement of:

(i)     K&M's copyright rights in its original works of authorship;

(ii)    K&M's rights in the distinctive trade dress associated with its toy products and packaging; and,

(iii)   K&M's rights in its WILD Family of Trademarks.

B.    Granting a preliminary and permanent injunction restraining RINCO, its officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with them, from:

(i)     directly or indirectly infringing K&M's copyrights including, but not limited to, continuing to manufacture, distribute, market, display, advertise, promote, solicit or accept orders for, sell or offer for sale RINCO's infringing toy products or any works derived or copied from K&M's copyrighted works;

(ii)    using in commerce any of the distinctive configuration and packaging trade dress associated with K&M's toy products;

(iii)   engaging in false designation of origin, false description, false advertising or false representations or otherwise engaging in unfair methods of competition, unfair or deceptive trade acts or practices, or competing unfairly with K&M;

(iv)   engaging in any other conduct that is likely to cause confusion or to cause mistake or to deceive as to the source, affiliation, connection, or association of RINCO's products with K&M; and,

(v)    manufacturing, distributing, marketing, displaying, advertising, promoting, selling or offering for sale any products, promotional or marketing materials, labels, packaging, or containers that bear the term "WILD" or otherwise breach the 2007 Settlement Agreement.

C.      Directing and ordering that RINCO, its officers, directors, principals, agents, servants, employees, representatives, successors and assigns, and all individuals acting in concert or participation with any of them, be enjoined during the pendency of this action from destroying or otherwise disposing of:

(i)      Any merchandise that pictures, reproduces, copies, adapts, or displays designs that bear a substantial similarity to K&M's copyrighted toy designs or distinctive trade dress or bear the term "WILD";

(ii)      Any promotional and/or advertising material, labels, packages, wrappers, containers, and any other unauthorized items that reproduce, copy, adapt, or display designs that bear a substantial similarity to K&M's copyrighted toy designs or distinctive trade dress or bear the term "WILD";

(iii)      Any molds, screens, patterns, plates, or negatives used specifically for making or manufacturing products or product packaging that pictures, reproduces, copies, or bears a substantial similarity to K&M's copyrighted toy designs or distinctive trade dress or bears the term "WILD"; and

(iv)      Any sales and supplier or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogues, recordings of any type whatsoever and all other business records and documents in respect of the manufacture, purchase, advertising, sale, or offering for sale of products that picture, reproduce, copy, or bear a substantial similarity to K&M's copyrighted toy designs or distinctive trade dress or bear the term "WILD".

D.      Directing RINCO to use its best efforts to recall from the trade, including but not limited to any and all distributors, wholesalers, dealers, retailers, web sites, and

all other third parties:

        (i)      Any and all products that infringe K&M's distinctive trade dress;

        (ii)     Any and all products that infringe K&M's copyrights;

        (iii)    Any and all products bearing the term "WILD"; and,

        (iv)    Any and all marketing, advertising, promotional and sales

materials used in connection with such products and/or in the performance of RINCO's

business that bear the term "WILD" or depict products that infringe upon K&M's

copyrights, trademarks or trade dress.

        E.      Directing RINCO to file with the Court and serve on counsel for K&M,

within thirty days after entry of any injunction issued by the Court in this action, a sworn

statement as provided in 15 U.S.C. § 1116 setting forth in detail the manner and form in

which RINCO has complied with the injunction.

        F.      Directing RINCO to account for all gains, profits and advantages derived

from its acts of infringement, false designation, passing off, unfair competition, and

breach of contract, and other violations of law.

        G.     Directing that RINCO be ordered to pay for K&M's actual damages

according to proof, and/or all profits realized by RINCO by reason of the unlawful acts

by RINCO as set forth in this Complaint according to proof, pursuant to 15 U.S.C. § 1117

and 17 U.S.C. § 504.

        H.     Directing that RINCO be ordered to pay to K&M compensatory damages

in an amount to be proven at trial to compensate K&M for RINCO's acts of copyright

infringement, trade dress infringement, unfair competition, breach of contract, and unjust

enrichment.

I.      Directing that RINCO be ordered to pay to K&M statutory damages based upon the willful acts of copyright infringement pursuant to 17 U.S.C. § 504(c).

J.      Directing that RINCO be ordered to pay treble damages to K&M on account of RINCO's willful, intentional and bad faith conduct pursuant to 15 U.S.C. § 1117.

K.      Directing that RINCO be ordered to pay to K&M punitive and exemplary damages as provided by law as a result of RINCO's foregoing malicious conduct set forth in the Complaint.

L.      Directing that RINCO be ordered to pay to K&M its reasonable attorneys' fees, costs and disbursements incurred herein as a result of RINCO's intentional and willful infringements and acts of unfair competition, pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 505, and RINCO's breach of the 2007 Settlement Agreement, pursuant to R.I. Gen. Laws § 9-1-45.

M.      Awarding K&M pre-judgment and post-judgment interest to the maximum extent provided by law.

N.      Awarding K&M such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury of all counts so triable.

K & M INTERNATIONAL, INC

By its Attorneys,


/s/ Christine K. Bush
Christine K. Bush (#5587)
Byron M. McMasters (#7554)
SCOTT & BUSH LTD.
One Turks Head Place
Fourth Floor
Providence, RI 02903
(401) 865-6035 (Telephone)
(401) 865-6039 (Fax)

***Of Counsel*:**

Edmund J. Ferdinand, III
Alexander R. Malbin
FERDINAND IP, LLC
129 Post Road East
Westport, Connecticut 06880
(203) 557-4224 (Telephone)
(203) 905-6747 (Fax)